UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW D. COONCE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-59-RLM-MGG |
| ROBERTS, et al., | |
| Defendants. | |

OPINION AND ORDER

Matthew D. Coonce, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Coonce's complaint is somewhat vague. It alleges that he asked to speak with a sergeant due to an ongoing problem with receiving peanut butter in sack lunches when he has an intolerance to peanut butter. Sgt. Roberts then directed the officers to "spray" him, which he understood to mean that they should use mace on him. The officers attacked him instead, injuring his hand. Exhibits attached to the complaint suggest that Mr. Coonce wouldn't remove his hand from the cuff port, and that the officers contacted

Sgt. Roberts about his refusal to move his hand. After talking with Sgt. Roberts, the officers grabbed Mr. Coonce's hand and pulled on it while demanding that he remove his hand from the cuff port. Mr. Coonce has sued Sgt. Roberts, Indiana Department of Correction, and Officer John Doe.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Nothing in the complaint suggests that Sgt. Roberts either used excessive force against Mr. Coonce herself or instructed others to use excessive force against Mr. Coonce to secure the cuff port. Mr. Coonce can't proceed against Sgt. Roberts.

Mr. Coonce also sues the Indiana Department of Correction. The Eleventh Amendment makes state agencies like the IDOC are immune from suit in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to the Eleventh Amendment immunity, *see MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), but none of them apply here. Mr. Coonce can't proceed against the IDOC.

Finally, Mr. Coonce sues Officer John Doe. Mr. Coonce can't sue an unnamed staff member. See Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not

open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

This complaint doesn't state a claim for which relief can be granted. Mr. Coonce can file an amended complaint if he has more facts that he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court GRANTS Matthew D. Coonce until **July 21, 2021**, to file an amended complaint. If Mr. Coonce doesn't respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 17, 2021

          s/ Robert L. Miller, Jr.  
          JUDGE  
          UNITED STATES DISTRICT COURT