UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW D. COONCE,

    Plaintiff,

        v.                          CAUSE NO. 3:21-CV-59-RLM-MGG

GABB,

    Defendant.

OPINION AND ORDER

Matthew D. Coonce, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Coonce alleges that, on October 20, 2020, he had his arm out of the cuff port. Instead of putting his arm back in the port, Officer Gabb grabbed his arm, pulled it out further, and tried to break it. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an

officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Giving Mr. Coonce the benefit of the inferences to which he is entitled at this stage of the case, he has stated a claim against Officer Gabb.

For these reasons, the court:

(1) GRANTS Matthew D. Coonce leave to proceed against Officer Gabb in his individual capacity for monetary damages for uses excessive force against him on October 20, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Gabb at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 14), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service and it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Gabb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 12, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT