UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW D. COONCE,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-59-RLM-MGG

GABB,

    Defendant.

OPINION AND ORDER

Matthew D. Coonce, a prisoner without a lawyer, proceeds in this case "against Officer Gabb in his individual capacity for monetary damages for [using] excessive force against him on October 20, 2020, in violation of the Eighth Amendment[.]" ECF 15 at 2. Officer Gabb moved summary judgment, arguing Mr. Coonce didn't exhaust his administrative remedies before filing suit. The summary judgment motion is fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a

properly supported summary judgment motion can't just rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

Officer Gabb argues that Mr. Coonce didn't exhaust his administrative remedies before filing this lawsuit because Mr. Coonce submitted a grievance about Officer Gabb's alleged excessive force but didn't appeal the grievance office's denial of that grievance. Officer Gabb provides evidence showing the following: Mr. Coonce submitted Grievance 119685 on October 20, 2020, complaining of Officer Gadd's alleged excessive force. The grievance office denied Grievance 119685 on December 15, 2020. Mr. Coonce didn't appeal the grievance office's denial of Grievance 119685.

Officer Gadd has provided evidence Mr. Coonce did not exhaust Grievance 119685. *See* ECF 21-2 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager).

In his response, Mr. Coonce doesn't argue or provide any evidence he appealed the grievance office's denial of Grievance 119685. He says only that "he did exhaust his remedies with no response from any except the original grievance months [] later. The plaintiff believes his [due] process has been violated." ECF 27. These conclusory statements aren't enough to create a genuine issue of material fact. *See* Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. *163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); Sommerfield v. City of Chicago, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted). That leaves it undisputed Mr. Coonce didn't exhaust Grievance 119685. Because Mr. Coonce provides no evidence he submitted any other relevant grievance or the grievance process was unavailable to him, the undisputed facts show Mr. Coonce didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment must be granted in favor of Officer Gabb.

For these reasons, the court:

(1) GRANTS Officer Gabb's summary judgment motion (ECF 21); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Gabb and against Matthew D. Coonce and to close this case.

SO ORDERED on May 2, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT